W. Walker, for defendant in error. Before PARDEE and McCORMICK, Circuit Judges.

---

MERCANTILE TRUST & DEPOSIT CO. v. COLLINS PARK & B. R. CO. et al. (Circuit Court of Appeals, Fifth Circuit. January 7, 1901.) No. 949. Appeal from the Circuit Court of the United States for the Northern District of Georgia. C. L. Anderson and John L. Tye, for appellant. Alex. C. King, Morris Brandon, and J. A. Anderson, for appellees. Dismissed on stipulation of counsel. See 107 Fed. 762.

---

MOHR et al. v. JOHNSON. (Circuit Court of Appeals, Fifth Circuit. May 27, 1901.) No. 1,066. Petition for Revision from the District Court of the United States for the Middle District of Alabama. H. H. Hall, for respondent. Docketed and dismissed.

---

NICHOLS v. McGHEE et al. (Circuit Court of Appeals, Fifth Circuit. May 7, 1901.) Petition for Mandamus to the Circuit Court of the United States for the Northern District of Alabama. Lawrence Cooper, for plaintiff. Milton Humes, J. H. Sheffey, and Paul Speake, for defendants. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The petition for mandamus to the judges of the circuit court for the Northern district of Alabama to disallow and strike out an amendment making new parties to the above-entitled cause is denied.

---

THE N. & W. NO. 2. (Circuit Court of Appeals, Second Circuit. May 10, 1901.) No. 147. Appeal from the District Court of the United States for the Eastern District of New York. This cause comes here upon appeal from a decree of the district court, Eastern district of New York, holding both tug and tow responsible for a stranding on the north side of the main channel into the harbor of New York, and dividing the damages. Wilhelmus Mynderse, for claimant. H. G. Ward, for libelant. Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The testimony is most conflicting, and the contradictions of fact so sharp that it is absolutely impossible to harmonize them upon any theory. Nearly all the witnesses called by the libelant were examined by deposition. Nearly all those called by the claimant were before the district judge. We have not been able out of this mass of contradictions to satisfy ourselves that his ultimate conclusions should be reversed, although we may not concur in all his findings. The weight of evidence seems to indicate that the tow was not steered with the care and prompt attention to incipient sheers which the situation called for, and that the tug laid her course closer to the northern edge of the channel than she should have done, in view of the existing conditions. Decree affirmed, without interest or costs.